In a proceeding pursuant to CPLR article 78 to review a determination of St. John’s University School of Law dated September 10, 2010, which rescinded the petitioner’s admission and, in effect, denied his application for admission nunc pro tunc, the petitioner appeals from a judgment of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered July 18, 2011, which denied the petition and dismissed the proceeding.
Ordered that the judgment is affirmed, with costs.
The petitioner applied for admission to St. John’s University School of Law (hereinafter the law school) in November 2005. In response to a question regarding whether he had ever been charged with, pleaded guilty to, or been found guilty of, a crime, he explained that he had been arrested in New Jersey in July 1999 “by the police shortly after a drug deal,” and ultimately accepted a plea bargain pursuant to which he was convicted of possession of a controlled dangerous substance in the third degree, in violation of NJ Stat Ann § 2C:35-10 (a) (1). The petitioner certified on his application that his answers were complete and accurate, and that he understood that his failure to provide truthful answers could result in the denial of admission, dismissal as a student, or rescission of an awarded degree. At the time his application for admission was submitted, the petitioner was unaware that his petition in New Jersey to have his record expunged had been granted.
When the petitioner endeavored to obtain an advance ruling on his eligibility for and the likelihood of his admission to the New York State bar in light of his conviction, the law school first learned of the original charges that had been asserted against the petitioner, including, inter alia, charges for distribu *889 tion of LSD in the second degree, possession of LSD with the intent to distribute in the second degree, possession of Ecstasy in the third degree, and possession of Ecstasy with the intent to distribute. The law school then advised the petitioner that he must amend his application for admission and include a full accounting of what transpired with respect to his arrest in July 1999 and an explanation with respect to his failure to initially disclose this information. Although the petitioner advised the law school that the statement in his application concerning his criminal record was not factually incorrect and did not need to be amended, he nonetheless supplemented his application and made available all details and documents surrounding his expunged record. In his supplement, the petitioner acknowledged that he had been arrested for distribution and had knowingly distributed illegal substances, and freely admitted his guilt of that crime, although he maintained that he did not engage in distribution of illegal substances on a regular basis. Following the receipt of the petitioner’s supplement, the law school ultimately rescinded the petitioner’s admission and, in effect, denied the petitioner’s application for admission nunc pro tunc. The law school noted that the petitioner’s original application contained material omissions and misrepresentations involving the actual criminal charges that had been brought against him and that his supplemental correspondence acknowledged that he had been charged with and was guilty of distribution of LSD and Ecstasy.
The law school’s determination was made on the grounds of the petitioner’s misrepresentations and omissions on his application regarding the extent of his prior criminal background, and was based upon the exercise of discretion after a full review. Despite the petitioner’s subsequent disclosure, under the circumstances presented here, and in light of the true nature of the petitioner’s prior criminal activity, the law school’s determination to rescind his acceptance was not arbitrary and capricious, and does not warrant judicial intervention (see Matter of Harris v Trustees of Columbia Univ. in City of N.Y., 62 NY2d 956, rev’g 98 AD2d 58, 67-73, for reasons stated in dissent of Kassal, J. [1984]; Tedeschi v Wagner Coll., 49 NY2d 652, 660 [1980]; Matter of Galiani v Hofstra Univ., 118 AD2d 572 [1986]; see also Matter of Carr v St. John’s Univ., N.Y., 17 AD2d 632 [1962], affd 12 NY2d 802 [1962]; Matter of Simkovich v Vassar Coll., 249 AD2d 551 [1998]).
Since the petitioner disclosed, subsequent to his admission, that he was originally charged with and was guilty of distributing, and possessing with intent to distribute, a controlled *890 dangerous substance, we do not consider the penalty imposed to be “so disproportionate to the offense . . . as to be shocking to one’s sense of fairness” (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]; see e.g. Matter of Attard v Kampe, 95 AD3d 1005 [2012]), thus constituting an abuse of discretion as a matter of law.
Further, contrary to the petitioner’s contentions, he was not entitled to invoke the grievance procedure set forth in the law school’s student handbook (see Matter of Mitchell v New York Med. Coll., 208 AD2d 929, 930 [1994]).
The petitioner’s remaining contentions are without merit. Lott, J.E, Austin and Sgroi, JJ. concur.